### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                    **CRIMINAL ACTION**

**VERSUS**                                                                **NO. 05-190**

**ROBERT D. HARRELL**                                              **SECTION I**

### ORDER AND REASONS

On November 3, 2014, defendant, Robert D. Harrell ("Harrell") , filed a motion[1] pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his term of imprisonment based on the U.S. Sentencing Commission's subsequent reduction of the applicable sentencing range which was approved by Congress. The Court denied the motion on March 12, 2015, after considering (1) the relevant 18 U.S.C. § 3553(a) sentencing factors; (2) the defendant's prior criminal history; (3) the fact that defendant "admitted to fleeing from authorities which included a high speed automobile chase;" and (4) the defendant's prison disciplinary record, including "a November, 2012 assault on another inmate resulting in serious injury."[2]

On March 20, 2015, Harrell filed a notice of appeal.[3] On May 22, 2015, while his appeal was still pending but before any activity had been taken in the appeal, he filed a motion[4] for reconsideration of the Court's order denying his § 3582(c)(2) motion. In his motion, he does not cite any legal or factual error, but instead disputes the Court's weighing of the relevant factors[5] and

---

[1]R. Doc. No. 154.
[2]R. Doc. No. 157.
[3]R. Doc. No. 162.
[4]R. Doc. No. 163.
[5]R. Doc. No. 163-1, at 4-6.

1

submits character letters and evidence of efforts he has taken towards self-improvement while incarcerated.[6]

The government opposes Harrell's motion, contending that the Court lacks jurisdiction to reconsider its order while an appeal is pending and that, alternatively, if the Court has jurisdiction, Harrell has not articulated any basis to reconsider the denial.[7]

Generally, "[t]he filing of a timely and sufficient notice of appeal does transfer jurisdiction over matters involved in the appeal from the district court to the court of appeals, thus divesting the district court of jurisdiction to take any action with regard to the matter except in aid of the appeal." *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989). Yet in *United States v. Martin*, the Fifth Circuit held, albeit under slightly different circumstances, that a district court had jurisdiction to grant relief pursuant to § 3582(c)(2) while a defendant's appeal of his sentence was pending. *See* 596 F.3d 284, 285-86 (5th Cir. 2010).

Even if this Court were to determine that it has jurisdiction, a finding not made, the motion for reconsideration would be denied. Reviewing the additional materials and argument submitted by Harrell, the Court would not weigh the relevant sentencing factors any differently. Accordingly,

**IT IS ORDERED** that Harrell's motion is **DENIED**.

New Orleans, Louisiana, June 8, 2015.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[6]R. Doc. No. 163-2.
[7]R. Doc. No. 164.

2